(No. 60422.—

JAMES H. MEIN, Appellant, v. MASONITE CORPO-
RATION, Appellee.

*Opinion filed September 20, 1985.—Rehearing
denied December 2, 1985.*

Jerome W. Pinderski, Jr., of Pinderski & Pinderski, Ltd., of Palatine (Paul C. Pinderski, of counsel), for appellant.

Michael T. Roumell and Gerald S. Patterson, of McDermott, Will & Emery, of Chicago, for appellee.

John M. Cannon, Susan W. Wanat and Ann Plunkett Sheldon, of Chicago, for *amici curiae* Chicago Association of Commerce & Industry, Illinois Manufacturers' Association and Mid-America Legal Foundation.

Robert E. Williams and Douglas S. McDowell, of McGuiness & Williams, of Washington, D.C., for *amicus curiae* Equal Employment Advisory Council.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Shelvin L. Hall, Special Assistant Attorney General, of Chicago, of counsel), for *amicus curiae* Illinois Department of Human Rights.

James Baird and Joan McAvinn Gale, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for *amicus curiae* Illinois State Chamber of Commerce.

JUSTICE WARD delivered the opinion of the court:

James Mein filed a complaint in the circuit court of Cook County against his former employer, the Masonite Corporation, alleging that he was wrongfully discharged

by Masonite in violation of the public policy of Illinois which prohibits age discrimination in the workplace. The trial court granted the defendant's motion to dismiss the complaint for failure to state a cause of action. The appellate court affirmed, holding that the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*) provides the exclusive means for redress of civil rights violations, and that the case did not involve a retaliatory discharge. (124 Ill. App. 3d 617.) We granted the plaintiff's petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315). *Amici curiae* briefs were filed in support of the defendant's position by the Chicago Association of Commerce and Industry, Illinois Manufacturers' Association and Mid-America Legal Foundation; the Equal Employment Advisory Council; the Illinois Department of Human Rights; and the Illinois State Chamber of Commerce.

In the one-count complaint, the plaintiff alleged that he was employed by Masonite from March 1950 until February 23, 1982, when he was terminated from employment due to his age, 55 at that time. At the time of discharge he was a staff designer receiving $41,580 a year plus other benefits, including retirement benefits for which he would have become eligible at age 65. The defendant made no alternative offer of employment to him, although, the plaintiff stated, younger, less experienced employees held positions for which he was qualified.

The plaintiff also alleged that he filed an age-discrimination complaint with the Illinois Department of Human Rights on April 12, 1982. This complaint was pending before the Human Rights Commission at the time of the oral argument before us. In his complaint the plaintiff alleges that as a result of the complaint filed with the Department the defendant offered to reinstate him in his previous employment. He stated that he could not accept

the offer because the defendant's conduct had "irreparably damaged" his ability to function as a creative designer. The plaintiff alleged in the complaint that the defendant wrongfully discharged him in violation of the public policy of Illinois which prohibits age discrimination, and asked that damages be awarded, including $1 million in punitive damages.

As stated, the defendant's motion to dismiss the complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) was allowed, and the appellate court affirmed. 124 Ill. App. 3d 617.

The plaintiff does not dispute that he was an employee at will and could be discharged at any time, for any or for no cause, without the employer's incurring any liability. He claims, however, that his action is sustainable under this court's decisions in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, and *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, where the tort of retaliatory discharge was recognized as an exception to the employee-at-will rule. Specifically, the plaintiff relies on language in *Palmateer*, where this court stated that the requirement for bringing a retaliatory discharge action "is that the employer discharge the employee in retaliation for the employee's activities, and that the discharge be in contravention of a clearly mandated public policy." (85 Ill. 2d 124, 134.) The plaintiff claims that he was discharged because of his age and that this action violated the public policy of this State prohibiting age discrimination.

The plaintiff recognizes that the public policy against age discrimination is contained in the Illinois Human Rights Act (the Act), which states:

"Declaration of Policy. It is the public policy of this State:

(A) *** To secure for all individuals within Illinois

the freedom from discrimination because of race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap ***." (Ill. Rev. Stat. 1983, ch. 68, par. 1—102(A).)

The Act contains comprehensive procedures to investigate and adjudicate alleged violations of this public policy. Initially, an aggrieved party files a charge of discrimination with the Department of Human Rights. The Department gives the employer notice of the charges and thereafter conducts a full investigation of the allegations in the charge (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(C)(1)), with authority to request subpoenas to compel attendance of witnesses and production of books, documents or records (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(C)(2)). The Department, as part of its investigation, may conduct a fact-finding conference where both parties may state their version of the facts. (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(C)(3).) The Department, in due course, issues a report of investigation (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(D)) which is forwarded for review to the Director of Human Rights. The Director determines if there is substantial evidence of a civil rights violation. (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(D)(2).) If the Director finds an absence of substantial evidence of discrimination, the complainant may seek a review of this determination before the Human Rights Commission. (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(D)(2)(a).) On review, the Commission may consider additional evidence submitted by the parties and conduct further hearings. (Ill. Rev. Stat. 1983, ch. 68, par. 8—103(B).) If the Commission affirms the Department's finding of lack of evidence of discrimination, this finding is subject to review by the circuit court, which has the authority to affirm or reverse these decisions and remand for further proceedings. Ill. Rev. Stat. 1983, ch. 68, par. 8—111(A)(1).

If the Department or the Commission, however, determines that there has been a violation of the Act, the Department will first attempt conciliation of the parties (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(E)), and if that effort fails, issue a complaint against the respondent. The respondent must file an answer, and a hearing is conducted before a hearing officer, with full due process rights granted to each party. (Ill. Rev. Stat. 1983, ch. 68, par. 8—106(E).) After hearing, the hearing officer will issue a recommended order, to which either party may file exceptions and then request review by the Commission. The Commission may adopt, reverse or modify the order (Ill. Rev. Stat. 1983, ch. 68, par. 8—107(E)), and if there has been a violation of the Act, the Commission may order, *inter alia*, an award of damages, reinstatement, promotion, back pay, fringe benefits, attorney fees, costs and "such action as is necessary to make the individual complainant whole." (Ill. Rev. Stat. 1983, ch. 68, pars. 8—108(A) through (I).) Either party may request judicial review of a Commission order, which the circuit court must sustain if it is not contrary to the manifest weight of the evidence. Ill. Rev. Stat. 1983, ch. 68, par. 8—111(A)(1).

The Act contains this provision:

"Judicial Review

* * *

(D) Limitation. Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." Ill. Rev. Stat. 1983, ch. 68, par. 8—111(D).

In *Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, this court held that a civil action for damages could not be brought for a violation of what was referred to as the "Age Discrimination Act" (Ill. Rev. Stat. 1975, ch. 48, pars. 881 through 887), a predecessor of the Illinois Hu-

man Rights Act. The court observed that the statute did not expressly authorize a civil action for damages and that the Act itself stated that the rights created by the statute "shall be protected as provided herein." Since the Act provided a criminal penalty for its violation, this language was interpreted as an internal restriction which "strongly militates against, if indeed it does not preclude, expansion of the statutory sanction" to include a civil cause of action. 66 Ill. 2d 1, 5.

The legislature has specifically provided through section 8—111(D) of the present act, which is set out above, that courts have no jurisdiction to hear independent actions for civil rights violations. It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations. (See *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878; *Dykstra v. Crestwood Bank* (1983), 117 Ill. App. 3d 821; *Armstrong v. Freeman United Coal Mining Co.* (1983), 112 Ill. App. 3d 1020.) Debates on Senate Bill 1377, which became the Human Rights Act, confirm that the legislature intended by the Act to avoid direct access to the courts for redress of civil rights violations. (81st Ill. Gen. Assem., Transcript of House Proceedings, June 22, 1979, at 133, 146; June 25, 1979, at 87.) Significantly, a proposed amendment to the bill which would have allowed civil actions in addition to or in lieu of the remedies provided in the Act was tabled. 81st Ill. Gen. Assem., Transcript of House Proceedings, June 22, 1979, at 158-59.

Thus, even taking all facts properly pleaded in the complaint as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179), the plaintiff's complaint did not state a cause of action for wrongful discharge. In view of the disposition we make, we need not address other questions raised by the defendant.

8

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*