**Brad VONCH, Appellant,**

v.

**CARLSON COMPANIES, INC., Respondent.**

No. C8–88–2578.

Court of Appeals of Minnesota.

May 9, 1989.

Review Denied July 12, 1989.

Daniel D. Reisman, Tolin & Reisman, Minneapolis, for appellant.

R. Scott Davies, Michael Thomas Miller, Briggs and Morgan, Minneapolis, for respondent.

Heard, considered and decided by WOZNIAK, C.J., FOLEY and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant/employee appeals from summary judgment on his claim of termination in violation of public policy.

## FACTS

Appellant Vonch was employed in Carlson Companies (Carlson) corporate security department from 1980 until January 1987. In the spring of 1986, Vonch reported to the corporate vice president of personnel that his supervisor was committing theft and fraud through alleged travel and expense improprieties. The vice president assured Vonch that the matter would be properly investigated.

In the fall of 1986, an independent investigation of the supervisor essentially substantiated Vonch's charges. Carlson, determining that a "significant loss" was not experienced by the company, took no action.

In December 1986, Vonch was informed that his department would be eliminated due to the decrease in amount of security services required by the corporation. Vonch was offered the position of security officer of a Radisson Hotel; he rejected the offer and was later offered a liaison position in security for all of the Radisson Hotels in the Twin City area. Vonch also rejected this offer, claiming the compensation offered was significantly lower than he had been receiving. Carlson maintains that the actual monetary salary was higher than his previous position. Upon separation, Vonch received three letters of recommendation from his supervisors.

The trial court found that there were no fact issues and Carlson was entitled to summary judgment as a matter of law because:

> The issues raised by Vonch and [another employee] appear to the court to involve only a corporate management dispute and not a clearly mandated public policy.

> Second, [Vonch] has demonstrated no nexus between his reported complaints to management and the end of his employment.

## ISSUE

Whether the trial court erred in granting summary judgment in respondent's favor?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine whether there exist any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Vonch maintains the trial court erred as a matter of law by refusing to apply Minn. Stat. § 181.932, subd. 1(a) (Supp.1987) which provides in part:

## DISCLOSURE OF INFORMATION BY EMPLOYEES.

Subdivision 1. Prohibited action. An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

(a) the employee, or a person acting on behalf of an employee, in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official.

Minn.Stat. § 181.932, subd. 1(a). This statute has been referred to rather loosely as the "whistle blowing" law. Vonch alleges that the proposed transfer and potential pay cut constituted a penalty prohibited by

the statute and was imposed upon him for reporting his supervisor's activity which allegedly violated state theft statutes. Carlson contends the situation involved an internal management dispute.

Employment of an indefinite term is presumed to be at-will and either party can terminate it for "any reason or no reason at all", *Ziegler v. Leo A. Hoffmann Center, Inc.*, 397 N.W.2d 378, 382 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987) (citing *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 532, 117 N.W. 2d 213, 221 (1962)), unless an employee is discharged for reasons that contravene a clear mandate of public policy. *Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569, 571 (Minn.1987).

One such contravention would include requiring employees to perform an illegal activity or refrain from reporting suspect activity to an administrative agency or law enforcement. *See Phipps*, 408 N.W.2d at 571; *Freidrichs v. Western National Mutual Insurance Co.*, 410 N.W.2d 62, 65 (Minn.Ct.App.1987). In *Freidrichs*, a boiler inspector allegedly reported violations to his superior, was told to refrain from reporting any further violations, and was placed on probation until "his attitude improved." *Id.* at 63.

The statutes relied upon in *Freidrichs* were designed to protect the public from the company's failure to warn or to act for the public's benefit, not to protect the employee from a discharge. The public policy exception to at-will employment was carved out to protect the *general* public from injury due to a company's neglect or affirmative bad act. Here, the public interest in having Carlson's chief *corporate* security officer charged with corporate travel and expense improprieties is minimal, at best. The public does not have an interest in a business's internal management problems. If actions are allowed when the public interest is only marginally affected rather than where it is "clearly mandated," the law of at-will employment will be seriously jeopardized, and the public policy "exception" to at-will employment will become the rule.

DECISION

The trial court did not err in granting summary judgment in favor of respondent. Due to our determination that there is no clearly mandated public policy supporting Vonch's claim as a matter of law, we refrain from reaching the issue of whether the trial court erroneously determined fact issues.

Affirmed.