**Christine PERERA, Plaintiff,**

v.

**FLEXONICS, INCORPORATED, Daryl Klinger, Douglas Marvel, Richard White, Jerry Cudworth, Steven J. Perkins and Gene Burkart, Defendants.**

No. 89 C 2683.

United States District Court, N.D. Illinois, E.D.

Oct. 25, 1989.

---

Judson L. Strain, Juergensmeyer Strain & Assoc., Elgin, Ill., for plaintiff.

Mark E. Furlane, Peter J. Meyer, Gardner Carton & Douglas, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Christine Perera has brought this employment discrimination action against her former employer, Flexonics, Inc., and six individual defendants. Currently before the Court is each defendant's motion for partial summary judgment. Flexonics also has moved for sanctions under F.R.Civ.P. 11. For the reasons given below, we grant the motions of Perkins, Cudworth and Burkart and grant the motions of Flexonics, Marvel and Klinger in part.

### Background

Christine Perera was employed by Flexonics in its Bartlett facility. On March 12, 1987, Perera was discharged from her position as Sales Customer Service Representative. Perera subsequently filed a complaint with the Illinois Department of Human Rights ("IDHR"). Perera's IDHR complaint alleged sex discrimination, age discrimination and retaliatory discharge.

Perera's IDHR complaint focused on three incidents. First, she alleges that she was "forced" to take a Sales Customer Service Representative position in April 1986. Perera, who is now 49 years old, claims that in March 1987 she discovered that she was being paid less than the 28 year old male whom she replaced. Second, in March 1987, Perera alleges that Flexonics told her that her position at Flexonics would be eliminated. Flexonics was reorganizing and explained to Perera that she lacked sufficient seniority to retain her position after the reorganization. However, Flexonics retained a 33 year old employee who had less seniority than Perera. Finally, Perera claimed that Flexonics was aware that she had brought its employment practices to the attention of the IDHR. Perera alleged that Flexonics discharged her in retaliation for making these reports to the IDHR.

In February of 1989, Perera filed a complaint in the Circuit Court of Cook County, Illinois.[1] The defendants subsequently removed the action to this Court. In addition to Flexonics, Perera named the following individuals in her complaint: Steven J. Perkins, the President of Flexonics; Daryl Klinger, Flexonics' Director of Human Relations; Douglas Marvel, Marketing Supervisor; Rick White, Marketing Service Manager; Jerry Cudworth, Director of Marketing; and Gene Burkart, OEM Market Manager.

The ten-count complaint seeks recovery on numerous theories and against various combinations of defendants. In some of the counts, Perera seeks recovery for the same actions that formed the basis for the IDHR complaint. In addition, she pleads theories of recovery and factual matter not included in her IDHR charge.[2] Most notably, Perera maintains that various defendants sexually discriminated against her by forcing her to perform menial and traditionally female tasks. Each of the defendants has filed a motion for partial summary judgment.

### Standard of Review

"A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338 (7th Cir.1989) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary judgment from which a trier of fact could find in its favor, and the moving party need only "[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* 106 S.Ct. at 2554; *Beard v. Whitley County REMC*,

840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988).

### Discussion

#### Count 1

In Count 1, Perera alleges that Flexonics violated the Age Discrimination in Employment Act ("ADEA"), the Fair Labor Standards Act and the Illinois Human Rights Act. Count 1 originally contained a claim for compensatory and liquidated damages in excess of $15,000. However, Perera has explained that her request for compensatory damages was made only to gain reinstatement to her former position. In addition, she acknowledges that her claim for liquidated damages was improper and voluntarily strikes this claim.

■ Flexonics moves for summary judgment on Perera's claim under the Illinois Human Rights Act ("IHRA"). Flexonics argues that this claim is deficient because Perera has failed to exhaust her administrative remedies as required by the statute. We agree and grant summary judgment for Flexonics on this issue.

The Illinois Human Rights Act does not provide a private cause of action but requires that the plaintiff exhaust the administrative remedies provided by the statute before seeking judicial review. Ill.Rev. Stat. ch. 68, ¶ 8–111. *Stoecklein v. Illinois Tool Works, Inc.*, 589 F.Supp. 139, 145 (N.D.Ill.1984). The Illinois Supreme Court has recognized the broad preemptive effect of the Illinois Human Rights Act and the need to exhaust its extensive administrative requirements before invoking state court jurisdiction over any civil rights claim. *See, e.g., Mein v. Masonite Corp.*, 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985).

---

**1.** Perera filed this action prior to receiving a right to sue letter from the EEOC. She cured this defect after the defendants filed the motion currently before us.

**2.** In her response to the defendants' motions, Perera has withdrawn various portions of her complaint. These changes are noted in the relevant portions of this opinion.

Perera has failed to exhaust the administrative remedies mandated by the Illinois Human Rights Act. A court has jurisdiction only over an appeal of a final order of the Illinois Human Rights Commission. Ill. Rev.Stat. ch. 68, ¶ 8–110. Perera has not obtained a final order from the Commission. Therefore, because Perera has failed to comply with the procedures of review provided in the IHRA, she is unable to bring a cause of action under the statute. *Stoecklein,* 589 F.Supp. at 145.

### Count 2

Count 2 charges Flexonics with willful age discrimination. The statutory causes of action in this count are identical to those in Count 1. We note that Perera's clarification of her claim for compensatory damages and her withdrawal of her claim for liquidated damages apply to Count 2.

Flexonics moves for summary judgment on Count 2 to the extent Perera seeks recovery under the Illinois Human Rights Act. Because Perera has failed to exhaust her administrative remedies under the Act, we grant summary judgment on these claims for the same reasons expressed in our discussion of Count 1.

### Count 3

Count 3 alleges age discrimination by Steven Perkins, Douglas Marvel, Jerry Cudworth and Daryl Klinger. Count 3 includes the same statutory causes of action asserted in Count 2.[3] The defendants move for summary judgment on the Illinois Human Rights Act claim. As explained above, Perera has failed to exhaust her administrative remedies, and we grant summary judgment on this claim as well.

■ Perkins, Marvel, Cudworth and Klinger also move for summary judgment on Perera's ADEA claim. These defendants argue that Perera cannot maintain an ADEA action against them because they were not named as defendants in her

EEOC charge. We find that Cudworth and Perkins were not given sufficient notice of the claims against them in the administrative proceeding and grant their motion for summary judgment on this claim. However, we deny the motions of Marvel and Klinger because there is a substantial issue of fact as to whether they had sufficient notice.

■ As a general rule, a party not named in an EEOC charge may not be sued under the ADEA. *Pauls v. Elaine Revell, Inc.,* 571 F.Supp. 1018, 1020 (N.D.Ill.1983). However, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Eggleston v. Chicago Journeymen Plumbers, Etc.,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134.[4]

■ Viewing the facts in the light most favorable to Perera, Klinger and Marvel had notice of the charge sufficient to enable Perera to name them as defendants in this lawsuit. Marvel and Klinger argue that they were never informed that they were personally under investigation for any violations. However, Klinger was mentioned by name in the EEOC charge and participated in the IDHR proceedings. (Klinger Aff. of 4/7/89, p. 3). Marvel also appeared as a witness in the IDHR proceedings. "To support a finding that the *Eggleston* exception does not apply, the defendants would have to attest to facts showing that they did not actually receive notice of the charge or that they were not afforded the opportunity to participate in conciliatory proceedings." *Haag v. Board of Educ.,* 655 F.Supp. 1267, 1273 (N.D.Ill. 1987). We conclude that the facts on the record could support a finding that Marvel

---

**3.** As explained in context of Counts 1 and 2, Perera clarifies her claim for compensatory damages and withdraws her claim for liquidated damages.

**4.** Although *Eggleston* involved Title VII, courts have acknowledged that the administrative requirements for Title VII and the ADEA are virtually identical. *See, e.g., Pauls,* 571 F.Supp. at 1021.

and Klinger had notice of the charge and the opportunity to participate in conciliatory proceedings. Therefore, summary judgment is inappropriate with respect to these defendants.

However, Perera has failed to create a triable issue of fact regarding Cudworth and Perkins. Perera argues that both Cudorth and Perkins are amenable to suit because they held high offices in Flexonics. Perera does not claim that either individual perpetrated any illegal act; she argues that they are properly named as defendants because their high level positions guarantee that their interests are identical to the interests of Flexonics.

Standing alone, this alignment of interests is an insufficient ground on which to allow Perera to name Perkins and Cudworth as defendants in this proceeding. In *Eggleston,* the Seventh Circuit explained that the crucial factors to be considered were the unnamed defendant's notice of charges against her and her ability to participate in voluntary conciliation. *Eggleston,* 657 F.2d at 905. In the present case, Perera has produced no facts which suggest that either Perkins or Cudworth had notice of the charge or an opportunity to participate in the administrative proceedings. Although Perera claims that Perkins, Cudworth and Flexonics have identical interests, she does not explain how these amorphously defined interests impact upon either the individuals' notice of charges or their opportunity to participate in the administrative process.

Finally, we observe that denial of Perera's attempt to join Perkins and Cudworth has absolutely no effect on her remedies. Perera seeks reinstatement and backpay; she can obtain these remedies from the remaining defendants. Furthermore, because Perera does not allege that Cudworth or Perkins committed any unlawful act, their absence will have no effect on the conduct of a trial. Accordingly, we grant the motion of Perkins and Cudworth for summary judgment on the ADEA claim.

### Count 4

Count 4 alleges various acts of sex discrimination against Flexonics. Specifically, Perera alleges violations of Title VII, the Equal Pay Act and the IHRA.[5] Flexonics moves for summary judgment on the IHRA claims. Because Perera has failed to exhaust her administrative remedies, we grant summary judgment on this claim.

Flexonics also seeks summary judgment on the Title VII and Equal Pay Act ("EPA") claims included in this count. Perera bases her Title VII and EPA claims on four incidents of discrimination. First, Perera claims that Flexonics discriminated against her during April 1985. She alleges that Flexonics refused to pay her more than $18,000 per year for the position of Sales Customer Service Representative. However, Flexonics subsequently hired a lesser-qualified, 28 year old male for the position at a salary of $22,000 per year. (Cmplt.Pars. 14–16). Second, Perera alleges that during April 1986, Flexonics forced her to take the position of Sales Customer Service Representative. According to Perera, she was paid over $3,000 less than a male co-worker who performed "the job in a less competent manner than the plaintiff." (Complt.Par. 17). Third, Perera makes a general allegation that Flexonics paid her less than males in comparable positions, despite the fact that Perera had more favorable performance appraisals. (Cmplt.Par. 19). Finally, she alleges that women employed by Flexonics were required to perform menial and traditionally female tasks which males in the same job description were not required to perform. (Cmplt.Par. 21).

■ Flexonics argues Perera's EPA claim is time barred. The EPA provides a two-year period of limitations for claims, except that willful violations may be brought three years after the cause of action accrues. 29 U.S.C. § 255(a). Because Title VII and the EPA are independent avenues of relief, the filing of an EEOC

---

**5.** Perera's explanation of her compensatory damage claim and withdrawal of her Title VII

liquidated damage claim also apply to this count.

charge does not toll the statute of limitations for EPA violations. *Feng v. Sandrik,* 636 F.Supp. 77, 83 (N.D.Ill.1986). However, the Seventh Circuit has held that, "the limitations period is tolled until facts that would support a charge of discrimination are apparent or should be apparent to persons with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Mull v. Arco Durethene Plastics, Inc.,* 784 F.2d 284, 291 (7th Cir.1986), quoting *Vaught v. R.R. Donnelley & Sons Co.,* 745 F.2d 407, 410–411 (7th Cir.1984).

▪ Because there are issues of fact regarding the date on which Perera learned of the violation, we deny Flexonics' motion on this claim. Perera contends that she did not learn of wage discrepancies until March 4, 1987. She filed her claim on February 27, 1989, which would be within the two-year period of limitations. Flexonics argues that Perera knew of the pay differences at an earlier date. However, this assertion rests on certain assumptions which would be inappropriate on a motion for summary judgment. For example, Flexonics argues that because Perera worked closely with other males, she must have known that they earned higher salaries. However, because we must view the facts most favorably to Perera, we cannot grant summary judgment based on such inferences. *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. at 2513.

▪ Flexonics also argues that Perera's Title VII unequal pay/sex discrimination claim is time barred. Perera filed a charge of discrimination with the IDHR and cross-filed this charge with the EEOC, in March 1987. A charge under Title VII must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e). However, this filing deadline is tolled "until the time when facts that would support a charge of discrimination were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff."

*Vaught,* 745 F.2d at 411, quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975). "The time is measured not from when the employee is affected, but from when the employee learns of the discriminatory acts." *Dugan v. Ball State University,* 815 F.2d 1132, 1134 (7th Cir.1987).

▪ Flexonics notes that the alleged discriminatory activities took place more than 300 days before Perera filed her charge with the EEOC. Flexonics argues that because Perera learned of her pay level on April 14, 1986, her claim is not timely. However, the determinative factor is not when Perera learned of her pay level, but when she learned that male employees received higher salaries. Perera claims that she did not learn of the pay differential until March 4, 1987. Flexonics has not produced any facts that indicate that Perera knew of wage discrimination prior to 30 days before she filed the charge.[6] Accordingly, we find that there is an issue of fact as to whether these Title VII claims are time barred.

Finally, Flexonics maintains that it is entitled to partial summary judgment on Count 4 because Perera raises claims in her complaint that were not included in the EEOC charge. Flexonics identifies two such claims. First, Perera claims that she was discriminated against when seeking promotions in April 1985 and April 1986. Second, she claims that she and other women were forced to perform menial and traditionally female tasks which men were not required to perform.

▪ As a general matter, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her administrative charge. The correct rule to follow in construing EEOC charges for purposes of delineating the proper scope of a subsequent judicial inquiry is that "the complaint in the civil action may properly encompass any discrimination like or reasonably related to the allegations of the charge and

---

6. Flexonics points to a February 1987 letter in which Perera complained of wage differentials. However, even if Perera had learned of discrimination at this time, she would still meet the statutory limitation period.

growing out of such allegations." *Jenkins v. Blue Cross Mut. Hospital Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976), quoting *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971). A court should construe a charge with the utmost liberality, adhering to a policy of "being solicitous of the Title VII plaintiff." *Id.* at 168 (citations omitted). Thus, our task is to determine whether the claims that Flexonics has identified are "like or related to" the claims Perera raised in her EEOC charge.

■ Perera's claims regarding discrimination in wages and promotion is "like or related to" her EEOC charge. In fact, the claims grow out of the same factual circumstances. More importantly, it is clear that the IDHR had notice and considered these claims during the administrative proceedings. Thus, the policy of giving administrative entities the first opportunity to resolve Title VII claims is not frustrated by allowing Perera to proceed with these claims in this action. *See Carrillo v. Illinois Bell Tel. Co.,* 538 F.Supp. 793, 798 (N.D.Ill.1982).

■ However, Perera's claim that she was forced to perform menial and traditionally female tasks is not "like or related to" the claims which were raised in the EEOC charge. The EEOC charge centered on unequal wages and retaliatory discharge. Furthermore, there is no indication that these claims were meaningfully considered during an administrative proceeding.

Perera claims that the IDHR did consider this claim. She refers to two statements in the IDHR investigation report. (Pltf.Ex. B). First, during the presentation of her retaliatory discharge claim, the IDHR noted that, "the Complainant [Perera] further argued that Respondent would only redistribute the [clerical] work among females." (Pltf.Ex. B, p. 3). In its Conclusion, the IDHR noted that, "while Respondent maintains Complainant was reluctant to complete clerical tasks, it appears she argued the point when she thought males were not required to do the same things as females." (Pltf.Ex. B, p. 6).

These oblique references are insufficient to allow Perera to maintain the "tradition-ally female tasks" claim in this proceeding. It is clear that the IDHR considered this claim only in relation to the retaliatory discharge claim; Perera made the argument to rebut a claim that she was an uncooperative employee. There is no suggestion that the IDHR considered this issue as an independent claim. Indeed, the IDHR heard no substantial testimony and received no evidence on the issue. Finally, the IDHR reached no conclusion as to the truth or falsity of the claim.

The nexus between the challenge to Flexonics' practice of assigning menial work to females and the discharge and wage claims considered in the administrative proceeding is insufficient to allow Perera to bring the new claim in this proceeding. While the "like or related to" test announced in *Jenkins* has been liberally applied, *see Jenkins, supra,* we are also cognizant that the test promotes a resolution of claims at the administrative level through conciliation. A reading of the charges and administrative findings show that Perera's "traditionally female tasks" claim is beyond the scope of her EEOC charge. Therefore, we grant summary judgment on this claim.

### Count 5

In her response to the defendants' motions for summary judgment, Perera has agreed that this claim was "mispleaded." Because Perera voluntarily strikes this count, we need not consider the issues raised by the defendants' motions.

### Count 6

Count 6 charges Perkins, Marvel, Cudworth, Klinger and Burkart with sex discrimination. Perera claims that these defendants forced her to perform menial and traditionally female tasks; this claim is identical to the claim raised in Count 4. In addition, Perera attempts to state a cause of action under the Illinois Human Rights Act. The defendants have moved for summary judgment on both of these claims.

We grant the motion for summary judgment on the IHRA claims. As explained *supra,* Perera has failed to exhaust her

**414**

administrative remedies as required by the statute. Accordingly, she cannot bring an action in this forum.

We also grant the motion for summary judgment on the "traditionally female tasks" claim. We adopt our earlier finding that this claim is not "like or related to" a charge made in an administrative proceeding. As additional support for our conclusion, we note that Burkart, Perkins and Cudworth did not receive notice of the charges against them and were not given an opportunity to participate in conciliatory proceedings. Accordingly, they cannot be named as defendants in this action. *Eggleston,* 657 F.2d at 905.

### Count 7

Count 7 charges Flexonics with retaliatory discharge in violation of Title VII. With respect to this count, Flexonics argues that Perera's IHRA claims should be dismissed. However, Perera does not plead a violation of the IHRA in this count.

We do note that Perera seeks compensatory and liquidated damages in Count 7. Therefore, Perera's explanation of the compensatory damage claim and withdrawal of the punitive damage claim apply to this count.

### Count 8

Count 8 charges Perkins, Marvel, Cudworth and Klinger with retaliatory discharge in violation of Title VII. Each of the defendants moves for summary judgment on the ground that they were not named in the EEOC charge. Because the motion with respect to this count presents the identical issue which we resolved in Count 3, we adopt our previous analysis and conclusions. Accordingly, the motions of Marvel and Klinger are denied because there is an issue of fact as to whether they were named in the EEOC charge and had an opportunity to participate in the administrative proceeding. The motions of Perkins and Cudworth are granted, as Perera

had failed to produce any facts indicating that either individual had notice of a charge against them or an opportunity to participate in conciliation. *Eggleston,* 657 F.2d at 905.

### Count 9

In Count 9, Perera attempts to state a cause of action for breach of contract against Flexonics.[7] Perera claims that the Flexonics personnel manual created a contractual obligation not to discriminate on the basis of age or sex. Flexonics moves for summary judgment on the ground that breach of contract claims for age and sex discrimination are preempted by the IHRA.

We recently considered this issue in *Seehawer v. Magnecraft Elec. Co.,* 714 F.Supp. 910 (N.D.Ill.1989). We explained that, "the implicit proposition of law that runs through [the decisions of Illinois courts considering the preemptive effect of the IHRA] is that the IHRA preempts any state law claims in which the plaintiff must prove discriminatory motive or impact." *Id.* at 914. Therefore, we concluded that breach of contract claims based on age and gender discrimination were preempted by the IHRA. *Id.*

Our conclusion in *Seehawer* is directly applicable to the present case. Perera's breach of contract claim rests solely on the proof of discriminatory motive or impact. We find that this claim is preempted by the IHRA and grant Flexonics' motion for summary judgment on Count 9.[8]

### Conclusion

For the reasons stated above, the motions of Flexonics, Marvel and Klinger for summary judgment are granted in part and denied in part. The motions of Perkins, Cudworth and Burkart are granted. The counts which named White as a defendant have been withdrawn; his motion is therefore moot.

---

**7.** Perera initially sought punitive damages for this breach, but withdrew this request in her response to the defendants' motions for summary judgment.

**8.** Perera has voluntarily withdrawn Count 10, which attempted to state a cause of action for tortious inducement to breach her employment contract.

Perera is to file an amended complaint, reflecting the claims she has withdrawn and clarified, on or before November 13, 1989. However, because Perera's counsel has displayed a tendency to proceed without considering controlling law, we suggest that counsel review Fed.R.Civ.P. 11 before submitting the amended complaint to the Court. The pending motion for sanctions under Fed.R.Civ.P. 11 is hereby referred to Magistrate W. Thomas Rosemond, Jr. The November 1, 1989 status hearing date is vacated and rescheduled for November 17, 1989, at 10:30 a.m. In light of this opinion, counsel for both sides should meet forthwith with a view toward negotiating a settlement of the remaining claims. Counsel are to report to the Court at the next status hearing as to the results of these negotiations and as to what discovery remains in the case. It is so ordered.