**Edwin S. PETERS, Plaintiff,**

v.

**FANSTEEL, INC., Defendant.**

**No. 89 C 5341.**

United States District Court,
N.D. Illinois, E.D.

May 11, 1990.

---

Richard S. Mittelman, The Law Offices of Howard M. Lang, Libertyville, Ill., for plaintiff.

William F. Mahoney, Lawrence B. Finn, Segal, McCambridge, Singer & Mahoney, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Defendant, Fansteel, Inc. has filed a motion pursuant to FRCP Rule 12(b)(1) to dismiss plaintiff's two count complaint for age-discrimination arguing that this court lacks subject matter jurisdiction. For the reasons stated herein, defendant's motion is denied as to Count I and granted as to Count II.

For purposes of a motion to dismiss, the court takes the allegations of the complaint as true and all reasonable inferences therefrom and unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the motion to dismiss will be denied. *Miller v. Advanced Studies, Inc.*, 635 F.Supp. 1196 (N.D.Ill.1986). Plaintiff was born August 17, 1935. Plaintiff was employed by defendant from 1967 until he was terminated on July 10, 1987. Plaintiff was 53 years old when he was terminated. Plaintiff had performed his duties satisfactorily. Defendant advertised to fill plaintiff's position. Plaintiff applied for the vacancy. Defendant hired a 24 year old to fill the position. Plaintiff filed a charge of age-discrimination with the Equal Employment Opportunity Commission (EEOC) on November 21, 1987. Plaintiff does not allege that he filed a charge of age-discrimination with the Illinois Department of Human Rights (IDHR). In plaintiff's response to defendant's motion to dismiss, plaintiff concedes he did not file a charge with IDHR. Count I of plaintiff's complaint alleges that defendant's actions amounted to illegal age-discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). 29 U.S.C.A. §§ 621 et seq. (West 1985). Count II of plaintiff's complaint also seeks damages from defendant based upon a violation of the Illinois Human Rights Act. Ill.Rev. Stat. ch. 68, par. 1–101 et seq. (Smith–Hurd 1989).

Defendant argues that Count I should be dismissed because the court lacks subject

matter jurisdiction of plaintiff's claim where plaintiff has failed to allege that he met the administrative filing requirements of section 633(b) of the ADEA. Specifically, defendant argues that plaintiff's failure to allege that he filed an age-discrimination charge with the IDHR, the Illinois agency authorized to redress the alleged discriminatory act, prevents this court from exercising subject matter jurisdiction over plaintiff's ADEA claim.

Section 626(d) of the ADEA provides in relevant part:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) *in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred,* or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

(emphasis added.) 29 U.S.C.A. § 626(d) (West 1985). Section 633(b) provides in relevant part:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, *no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law,* unless such proceedings have been earlier terminated:

(emphasis added.) 29 U.S.C.A. § 633(b) (West 1985). In states, like Illinois which has a state agency, the IDHR, authorized to remedy prohibited acts of age-discrimination, a plaintiff must file a charge of age-discrimination with both the EEOC and the state agency before the plaintiff will be allowed to file a civil suit under the ADEA in federal court. 29 U.S.C.A. §§ 626(d),

633(b); *Smith v. General Scanning, Inc.,* 832 F.2d 96 (7th Cir.1987).

■ Before addressing defendant's arguments as to Count I, the court needs to clarify an apparent misconception of law by defendant. The administrative filing requirements of the ADEA, while mandatory, are not jurisdictional requirements but conditions precedent to bringing a suit in the federal courts. *Husch v. Szabo Food Service Co.,* 851 F.2d 999 (7th Cir.1988). Therefore, the filing requirements are subject to waiver, estoppel and equitable tolling. *Husch,* 851 F.2d 999. The court will treat defendant's motion as a motion to dismiss for failure to state a claim. FRCP Rule 12(b)(6).

■ In the instant case, it is admitted by plaintiff in response to defendant's motion that plaintiff did not personally file a charge of age-discrimination with the IDHR. Defendant argues that the court must dismiss plaintiff's claim under the ADEA. However, since the filing requirements are not jurisdictional and therefore are subject to equitable tolling, the court is not required as a matter of law to dismiss plaintiff's claim. *Husch v. Szabo Food Service Co.,* 851 F.2d 999, 1003 (7th Cir. 1988). Additionally, the court need not address the application of these equitable doctrines at this stage of the proceedings because as will be explained, the complaint alleges sufficient facts and raises a reasonable inference that the filing requirements of section 633(b) of the ADEA were met.

When an aggrieved party files a charge of discrimination with the EEOC in Illinois, the EEOC automatically refers the charge to the IDHR. 29 CFR § 1601.13; *Miller v. Advanced Studies, Inc.,* 635 F.Supp. 1196, 1199 (N.D.Ill.1986). Plaintiff's allegation that he filed a timely charge with the EEOC, in light of the EEOC regulation which requires the EEOC to refer the charge to the appropriate state agency, leads to the inference that the charge was filed by the EEOC with the IDHR. *Miller,* 635 F.Supp. 1196, 1199 (allegation of filing of charge with the EEOC, which is required by EEOC regulations to refer charge to IDHR is sufficient to withstand a

motion to dismiss based upon failure to allege filing with the IDHR); see *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1111–1112 (7th Cir.1984) (at pleading stage, allegation that all conditions precedent to suit have been met is sufficient). The filing of the charge with the IDHR is not required to be accomplished by the aggrieved party personally. *Stearns*, 747 F.2d 1105, 1111 (held state agency's referral of discrimination charge to EEOC was sufficient to meet requirement that party file charge with EEOC). In the instant case, if discovery reveals that no charge was filed with the IDHR then such failure could be brought to the attention of the court in a motion for summary judgment. *Stearns*, 747 F.2d 1105, 1112. At that time, plaintiff would need to present evidence from which the court could conclude that plaintiff was entitled to the equitable tolling of the filing requirements. See *Husch v. Szabo Food Services, Inc.* 851 F.2d 999, 1004 n. 4 (7th Cir.1988). If plaintiff was so entitled, the preferred action would then be to stay the proceedings until plaintiff filed with the IDHR. *Husch*, 851 F.2d 999, 1004 n. 9. It is not disputed that plaintiff's filing with the EEOC was well within the 300 day limit of section 626(d). Accordingly, defendant's motion to dismiss Count I of plaintiff's complaint is denied.

■ Count II of plaintiff's complaint seeking damages under the Illinois Human Rights Act (the Act), Ill.Rev.Stat. ch. 68, par. 1–101 et seq. (Smith–Hurd 1989), must be dismissed for failure to state a cause of action. The Act provides exclusive administrative proceedings for the redress of age-discrimination in violation of the Act. See *Mein v. Masonite Corp.*, 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985). Under the Act, an aggrieved party is denied direct access to the courts and must exhaust all administrative remedies, at which time the party may seek administrative review in the state courts. *Mein*, 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312; Ill.Rev. Stat. ch. 68, par. 8–111 (Smith–Hurd 1989). Plaintiff, even assuming the EEOC referred plaintiff's charge to the IDHR, has not alleged exhaustion of the administra-

tive remedies provided under the Act, and therefore plaintiff's complaint does not state a cause of action under the Act. *Muellner v. Mars, Inc.*, 714 F.Supp. 351 (N.D.Ill.1989). Defendant's motion to dismiss Count II of plaintiff's complaint is granted.

ORDERED: Defendant's motion to dismiss Count I of plaintiff's complaint is denied. Defendant's motion to dismiss Count II of plaintiff's complaint is granted. Count II of plaintiff's complaint is dismissed for failure to state a cause of action upon which relief may be granted.