Sarah E. **WILLIAMS**, Appellant,

v.

**ST. PAUL RAMSEY MEDICAL CENTER, INCORPORATED,** Respondent.

No. C9–94–2257.

Court of Appeals of Minnesota.

May 2, 1995.

Review Granted June 23, 1995.

Robert J. Hennessey, Ansis V. Viksnins, Lindquist & Vennum, Minneapolis, for appellant, Sarah E. Williams.

Pat Skoglund, Thomas M. Countryman, Jardine, Logan & O'Brien, St. Paul, for respondent.

Douglas A. Hedin, Daniel S. Goldberg, Elizabeth A. Glidden, Minneapolis, for amicus curiae Minn. Chapter, Nat. Employment Lawyers Ass'n.

Considered and decided by KALITOWSKI, P.J., LANSING and SHORT, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Sarah E. Williams contends the district court erred in ruling the exclusivity of remedies provision of the Minnesota Human Rights Act (MHRA), Minn.Stat. §§ 363.01–.15 (1992), barred her from bringing both a retaliation claim against respondent St. Paul Ramsey Medical Center (Ramsey) under Minn.Stat. § 181.932, subd. 1(a) (1992) (Whistleblower Statute), and a reprisal claim under the MHRA.

## FACTS

From July 1987 through October 1991, Williams was employed as a pharmacy technician at Ramsey. Williams contends that during the fall of 1989, a co-worker began pursuing a romantic relationship with her. After declining to begin a relationship with her co-worker, Williams contends she was subjected to evaluation processes that reflected poorly on her job performance. Williams ultimately filed a three-count complaint against respondent contending: (1) her co-worker's conduct constituted illegal workplace sexual harassment in violation of the MHRA; (2) Ramsey retaliated against her, and thus committed an unlawful reprisal prohibited by the MHRA; and (3) Ramsey's retaliation against her violated the Whistleblower Statute.

The district court granted Ramsey's motion for summary judgment with regard to Williams' whistleblower claim, concluding that it was preempted by the exclusivity provision in the MHRA. The district court denied Ramsey's motion for summary judgment on Williams' other claims because of the existence of factual disputes. After a bench trial on the two remaining claims, the district court entered judgment against Williams concluding that Williams failed to establish her co-worker's conduct constituted actionable sexual harassment and that Williams failed to establish a prima facie case of reprisal discrimination. On appeal Williams challenges the trial court's dismissal of her whistleblower claim.

## ISSUES

1. Does the exclusivity provision of the MHRA preempt appellant's whistleblower claim?

2. Is appellant collaterally estopped from reasserting her claim under the Whistleblower Statute?

## ANALYSIS

On appeal from a summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The construction of a statute is a question of law for the court and is subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

I.

Minnesota's Whistleblower Statute codified the public policy exception to the general rule of at-will employment. *See Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569, 570–71 (Minn.1987). Generally, an employer is prohibited from retaliating against an employee who reports a violation of a federal or state law. Minn.Stat. § 181.932, subd. 1(a) (1992). Section 181.932, subdivision 1 provides:

[a]n employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

(a) the employee * * * in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official.

The Whistleblower Statute only protects employees who expose violations of laws designed to protect general public interest. *Vonch v. Carlson Cos.*, 439 N.W.2d 406, 408 (Minn.App.1989), *pet. for rev. denied* (Minn. July 12, 1989).

■ The MHRA prohibits employer reprisal against an employee who reports a violation of the MHRA. Minn.Stat. § 363.03, subd. 7 (Supp.1993). The MHRA provides in part:

It is an unfair discriminatory practice for any employer * * * to intentionally engage in any reprisal against any person because that person:

(1) Opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

*Id.*

Whether a plaintiff may assert a reprisal claim under the MHRA along with a retaliation claim under the Whistleblower Statute is a matter of first impression. We conclude the district court erred in dismissing Williams' claim under the Whistleblower Statute.

■ First, we agree with the court's conclusion in *Thompson v. Campbell* that reporting sexual harassment furthers a "clearly mandated public policy and, therefore, constitute[s] conduct protected by the Whistleblower Act." 845 F.Supp. 665, 675 (D.Minn. 1994). In addition, although the preemption issue was not addressed, federal cases have allowed plaintiffs to assert claims under both the MHRA and the Whistleblower Statute. *See id.* at 674–75 (denial of summary judg-

ment on MHRA reprisal claim and whistleblower claim); *Baufield v. Safelite Glass Corp.*, 831 F.Supp. 713, 715–16 (D.Minn.1993) (discriminatory reprisal under MHRA and whistleblower claims tried together).

Further, the rules of statutory construction support the conclusion that Williams' whistleblower claims are not preempted. When provisions in two statutes are irreconcilable, the specific provision prevails over the general,

unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.

Minn.Stat. § 645.26, subd. 1 (1992).

The MHRA provides that when bringing a claim alleging a discriminatory practice, "the procedure herein provided shall, while pending, be exclusive." Minn.Stat. § 363.11 (Supp.1993). The Whistleblower Statute provides:

*In addition to any remedies otherwise provided by law,* an employee injured by a violation of section 181.932 may bring a civil action to recover any and all damages recoverable at law.

Minn.Stat. § 181.935(a) (1992) (emphasis added). Thus, to the extent the Whistleblower Statute applies to persons alleging discrimination under the MHRA, its remedy provision conflicts with the MHRA's exclusivity provision.

The MHRA's provision prohibiting reprisal against an employee who raises a claim under the MHRA applies more specifically to the facts here than the Whistleblower Statute, which prohibits retaliation against an employee who "reports a violation * * * of *any* federal or state law or rule." Minn.Stat. § 181.932, subd. 1(a) (emphasis added). The MHRA was enacted in 1955, however, and the Whistleblower Statute was enacted in 1987. In addition, because the language at issue in the Whistleblower Statute is "clear and free from all ambiguity," we must follow the "letter of the law" in construing the intent of the statute. Minn.Stat. § 645.16 (1992).

We conclude that the language in the Whistleblower Statute: "[i]n addition to any

other remedies otherwise provided by law," takes precedence over the exclusivity provision of the MHRA because: (1) it was enacted later in time than the MHRA; and (2) the legislative intent to allow additional remedies is manifest from its language. The district court erred in concluding the MHRA preempted Williams from asserting a claim under the Whistleblower Statute.

## II.

■ Respondent contends that even if the district court erred in dismissing Williams' claim under the Whistleblower Statute, Williams is now collaterally estopped from pursuing this claim because the elements necessary to establish a whistleblower violation were litigated and finally determined in Williams' bench trial on her MHRA claims. Collateral estoppel precludes parties from relitigating issues between the same parties that were previously determined by a court of competent jurisdiction. *Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 902 (Minn.1984).

■ The elements necessary to make a prima facie case under a whistleblower claim are: (1) the plaintiff engaged in conduct protected under the act; (2) adverse employment action by the employer; and (3) causal connection between the two. *Thompson,* 845 F.Supp. at 674 (citing *Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 444 (Minn. 1983)). A prima facie case of reprisal discrimination under the MHRA requires the same elements. *Hubbard,* 330 N.W.2d at 444. Here, after a trial on Williams' MHRA reprisal claim, the district court concluded Williams failed to establish a prima facie case, and ruled in favor of respondent. Thus, respondent argues, Williams should be collaterally estopped from reasserting her claim under the Whistleblower Statute. We disagree.

We conclude that the application of collateral estoppel in this case is directly addressed by the holding in the United States Supreme Court decision in *Lytle v. Household Mfg.,* 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). In *Lytle* the employee filed an action under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C.

§ 1981, alleging his employer had discriminated and retaliated against him. *Id.* at 548, 110 S.Ct. at 1334. The district court dismissed the employee's section 1981 claims, concluding that Title VII provided the exclusive remedy for his claims. *Id.* at 548, 110 S.Ct. at 1335. After conducting a bench trial on the employee's Title VII claim, the district court entered judgment in favor of the employer. *Id.* On appeal, the Supreme Court agreed with the Fourth Circuit's conclusion that the district court erroneously dismissed the employee's section 1981 claims, but reversed the Fourth Circuit's ruling that the district court's findings with respect to Title VII collaterally estopped the appellant from litigating his section 1981 claims. *Id.* at 551, 110 S.Ct. at 1336. The Supreme Court held that when a court erroneously dismisses a claim under which a party would have had a right to a jury trial, collateral estoppel cannot apply to deny that party's right to a jury. *Id.* at 552, 110 S.Ct. at 1336–37. Ensuring that appellant be able to litigate his section 1981 claims was "essential to vindicating [appellant's] Seventh Amendment rights" to a jury. *Id.* at 553, 110 S.Ct. at 1337.

The respondent in *Lytle* further argued that because the record indicated the district court would have directed a verdict in favor of the employer on the section 1981 claims if they had gone to a jury, the Court should affirm the Fourth Circuit, despite its resolution of the collateral estoppel issue. *Id.* at 554, 110 S.Ct. at 1337. The Supreme Court rejected this argument, distinguishing the application of a directed verdict from a dismissal. *Id.* at 554–55, 110 S.Ct. at 1338. The Court noted that although a court might decide in favor of a party moving for dismissal,

> that court might not take the same case away from the jury because it might believe that the jury could *reasonably* find for the nonmoving party.

*Id.* at 555, 110 S.Ct. at 1338 (emphasis in original).

■ Applying the holding in *Lytle,* we conclude that because Williams was entitled to a jury trial on her whistleblower claim, collateral estoppel does not prevent relitigation of

issues determined by the district court. The Minnesota Constitution guarantees the right to a jury trial to all actions at law. Minn. Const. art. I, § 4. The Whistleblower Statute codified the existing common law remedy. *See Phipps,* 408 N.W.2d at 570–71; *Snesrud v. Instant Web, Inc.,* 484 N.W.2d 423, 426 (Minn.App.1992) (denying right to jury trial in workers' compensation cases because Workers' Compensation Act substituted fundamentally different remedy), *pet. for rev. denied* (Minn. June 17, 1992). Further, Williams sought money damages as relief for her Whistleblower Statute claim. *See* Minn. R.Civ.P. 38.01 (factual issues shall be tried by a jury in actions for recovery of money only). Finally, we note that other courts have granted jury trials on whistleblower claims. *See, e.g., Baufield,* 831 F.Supp. at 715; *Kresko v. Rulli,* 432 N.W.2d 764, 766 (Minn.App.1988) (bifurcated trial granted; court trial on MHRA claims, and jury trial on whistleblower and other claims) *pet. for rev. denied,* (Minn. Jan. 31, 1989).

We conclude that by erroneously dismissing Williams' whistleblower claim, the district court denied Williams her right to a jury trial and that under the rationale in *Lytle,* Williams is not collaterally estopped from now asserting this claim.

## DECISION

The exclusivity of remedies provision of the MHRA does not preempt Williams' retaliation claim under the Whistleblower Statute. We therefore reverse the district court's grant of summary judgment in favor of Ramsey. Because Williams was denied her right to a jury trial she is not collaterally estopped from pursuing her whistleblower claim.

**Reversed and remanded.**

SHORT, Judge (dissenting).

I respectfully dissent and would affirm the trial court's decision. The exclusive remedies of Minn.Stat. § 363.11 (1992) preempt Williams' statutory claim under Minn.Stat. § 181.932 (1992) because both claims are identical and are based on the same underlying facts. Williams alleged St. Paul Ramsey Medical Center terminated her because she filed a sexual harassment complaint. She sought actual and compensatory damages for her employer's alleged retaliation under both the Minnesota Human Rights Act and the Minnesota Whistleblower Act. The trial court granted summary judgment against Williams on her whistleblower claim. The sexual harassment and reprisal claims were tried to the court, and the trial court issued findings of fact, conclusions of law, and an order for judgment in favor of the employer.

To reverse and remand the whistleblower count permits Williams a second trial on her reprisal discharge claim and circumvents the unambiguous preemption language contained in the Minnesota Human Rights Act. *See* Minn.Stat. §§ 645.16 (1992) (law should be construed to give effect to all provisions); 645.17(2) (1992) (legislature intends entire statute to be effective and certain); 645.26, subd. 1 (1992) (special provision prevails over general provision, unless general provision is enacted later and contains manifest intention that general provision shall prevail over special provision); *Mein v. Masonite Corp.,* 109 Ill.2d 1, 92 Ill.Dec. 501, 504, 485 N.E.2d 312, 315 (1985) (Human Rights Act is exclusive source of redress for human rights violations); *Vaughn v. Ag Processing Inc.,* 459 N.W.2d 627, 638 (Iowa 1990) (wrongful discharge preempted by state Civil Rights Act); *cf. Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, ——, 114 S.Ct. 2239, 2251, 129 L.Ed.2d 203 (1994) (45 U.S.C. § 151 did not preempt state law causes of action because statutory claim involved rights independent of collective bargaining claims); *Wirig v. Kinney Shoe Corp.,* 461 N.W.2d 374, 378 (Minn.1990) (exclusivity provision of Human Rights Act does not abrogate common law battery claim); *Shoemaker v. Myers,* 52 Cal.3d 1, 276 Cal.Rptr. 303, 314–16, 801 P.2d 1054, 1065–67 (1990) (California Workers' Compensation Act did not preempt a whistleblower claim brought under California Government Code § 19683 because "evils" addressed by statute were different than those addressed by the workers' compensation law).

In addition, there is no evidence of a causal connection between Williams' complaint that her employer violated the Minnesota Human Rights Act and her discharge. It is undis-

puted that Williams' complaint came eleven months before her discharge, six months before she was placed on an employment improvement plan, and four months before she was given a critical evaluation. *See Figgous v. Allied/Bendix Corp.*, 906 F.2d 360, 362 (8th Cir.1990) (discharge was not close enough in time to the filing of complaints to suggest retaliatory motive). The trial court found:

the clear weight of the evidence establishes that defendant's adverse actions against Ms. Williams were motivated by her consistently unprofessional and incorrigible behavior in the workplace and her failure to improve after repeated complaints by people who would have no reason to know of her allegations toward Mr. Heerwald.

Given these facts, Williams failed to prove an essential element of her whistleblower claim. *See Thompson v. Campbell*, 845 F.Supp. 665, 674 (D.Minn.1994) (essential elements include causal connection between plaintiff's protected conduct and adverse employment conduct).

Finally, there is no evidence that Williams' discharge was motivated by her good faith action. *See* Minn.Stat. § 181.932, subd. 1(a) (creating action for employee who, in good faith, reports employer's violation of law); *Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569, 572 (Minn.1987) (creating action for employee's good faith refusal to commit an illegal act for employer). The *Phipps* decision does not create a general cause of action for every wrongful discharge or a common law cause of action for violation of every remedial statute. *Steinbach v. Northwestern Nat'l Life Ins. Co.*, 728 F.Supp. 1389, 1394 (D.Minn.1989). The trial court found:

plaintiff's allegations of sexual harassment were brought not because of a sincere belief that she had been a victim of sexual harassment, but rather as a vindictive response to Mr. Heerwald's criticism of her job performance.

Williams was given a full and fair opportunity to be heard on the issue of her motivation, and the fact finder resolved that issue against her. *Cf. Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990) (refusing to accord collateral estoppel effect to trial court's factual determinations under Title VII, and remanding section 1981 claims for a jury trial). Unlike the plaintiff in *Lytle*, Williams did not argue below that she was entitled to a jury trial. *See Republic Nat'l Life Ins. Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn.1979) (issues not presented to the trial court cannot be raised on appeal). Under these circumstances, Williams waived her jury trial claim and the doctrine of collateral estoppel prevents relitigation of an essential element of her prima facie case.

The trial court properly dismissed Williams' whistleblower cause of action. A remand would dissipate judicial resources in needless litigation over previously-resolved issues.