A. C. LANG and Curtis Lang,
Appellants,

v.

Marshall CONE and Tom Magness,
Appellees.

No. 76–1096.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1976.

Decided Oct. 19, 1976.

George Howard, Jr., Pine Bluff, Ark., for appellants; Jack Greenberg and Charles E. Williams, III, New York City, on brief.

John A. Davis, Pine Bluff, Ark., for appellees.

Before STEPHENSON, Circuit Judge, MARKEY, Chief Judge,* and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

A. C. Lang and his brother, Curtis Lang, who are black, appeal from a judgment of the United States District Court for the Eastern District of Arkansas dismissing their civil rights complaint against Marshall Cone and Tom Magness who in 1972 were

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

white members of the Pine Bluff, Arkansas Police Department. The parties will be referred to as they appeared in the district court.

Plaintiffs originally sued not only Cone and Magness but also another white policeman, George Norwood, who died while the litigation was pending. After Norwood's death the complaint against him was dismissed, no effort being made to revive it against his estate.

The complaint alleged in substance that on the night of September 8–9, 1972 the defendants, acting within the scope of their employment and under color of state and local law, deprived plaintiffs of rights protected by the fourteenth amendment to the Constitution of the United States. Plaintiffs sought actual and punitive damages against the defendants jointly and severally. Jurisdiction, which was not questioned, was properly based on 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. The defendants answered the complaint and denied liability.

A belated request by the surviving defendants for a jury trial having been denied, the case was tried nonjury before District Judge Oren Harris. At the conclusion of the plaintiffs' case the defendants moved, pursuant to Fed.R.Civ.P. 41(b), for a dismissal of the complaint. The motion was granted as to the complaint of A. C. Lang but was denied as far as Curtis Lang was concerned, and the trial proceeded to conclusion as to him. Both defendants testified in their own behalf and called a number of witnesses.

At the conclusion of the trial the district court called for memorandum briefs which were duly filed. On January 8, 1976 the district court filed a memorandum opinion incorporating its findings of fact and conclusions of law adverse to the claim of Curtis Lang. On the same day a formal judgment was entered dismissing the claims of both plaintiffs with prejudice.

For reversal, plaintiffs content that the district court failed to consider the testimony of disinterested witnesses, that it erred in sustaining the Rule 41(b) motion of the defendants as to A. C. Lang, and that its ultimate findings as to both plaintiffs were clearly erroneous.

At the outset, we reject the contention of plaintiffs that Judge Harris, an able and experienced trial judge, limited his consideration to the testimony of certain particular witnesses and ignored the testimony of other witnesses. Judge Harris would certainly not have been likely to do that, and we think that when what he said in connection with his granting of the motion to dismiss the complaint of A. C. Lang and what he wrote in connection with the claim of Curtis Lang are fairly read, it is clear that Judge Harris considered all of the evidence in the case and tried to give due weight to all of the evidence.

The case arises from the fact that during the late hours of Friday, September 8, 1972 Curtis Lang, a twenty year old resident of Pine Bluff and a college student, was arrested by the defendants, including Norwood, was taken to the Pine Bluff Police Station and charged with operating a motor vehicle without a driver's license, with reckless driving, and with evading arrest.

Curtis Lang was held for a short time at the police station and then was released from custody on bail supplied by his older brother, the plaintiff A. C. Lang. Curtis Lang claimed to have been injured by the officers in the course of the arrest, and he and his brother proceeded from the police station to the Jefferson County Hospital in Pine Bluff where they had another encounter with the same three police officers. In the course of that encounter Officer Norwood drew his pistol and pointed it at A. C. Lang. Prior to that time the plaintiff just mentioned had had no personal difficulty with the officers.

After the confrontation, the Lang brothers left the hospital in Pine Bluff and drove to the University of Arkansas Medical Center at Little Rock, a distance of some fifty miles, where Curtis Lang was examined by a doctor employed at University Hospital. The doctor found nothing substantial wrong with Curtis Lang and released him. The Langs then returned to Pine Bluff, and the

following week Curtis Lang returned to the college in Monticello, Arkansas. He claims, however, that he was still suffering from the injuries that he received at the hands of one or more of the arresting officers, and that he required and received medical treatment from a private doctor.

The claim of Curtis Lang is based on the injuries that he says he received while being arrested, on verbal abuse and threats allegedly made by the officers, and on the alleged acts of the officers at the Jefferson County Hospital which he believes deprived him of needed medical attention.

The claim of A. C. Lang is based on the alleged unlawful act of Norwood in threatening him with a pistol, and he contends that the other officers involved are liable for the alleged act of Norwood, his claim being that the officers at all times were acting in concert.

There is no quarrel about the law of the case; the dispute between the parties is entirely factual. The versions of the two sides as to what happened in Pine Bluff during the period in question are directly opposed to each other, and the theories of both sides were supported by substantial evidence.

Had the trial judge been persuaded by the evidence produced by the plaintiffs, including their own testimony, he might well have found that Curtis Lang was arrested and imprisoned unlawfully, that in the course of his arrest he was struck with the butt of a rifle or shotgun being wielded by Officer Norwood, that he was knocked down and then kicked by Magness, that on the way to the police station he was cursed in racial terms and was threatened with death, and that later the officers in effect drove him and his brother away from the hospital before Curtis Lang could be seen by a physician. The trial judge might also have found that Officer Norwood unlawful-

ly menaced A. C. Lang with a pistol when A. C. Lang insisted that his brother see a doctor. And the trial judge might well have found that the officers were acting in concert, and that each was liable for the acts of the other or others.

On the other hand, had the district court been persuaded by the evidence offered by the surviving defendants, including their own testimony, it might well have found that the arrest of Curtis Lang was lawful, that it was accompanied by no more force than was reasonably necessary to effect the arrest, and that Curtis Lang was not injured by the officers and was not abused or threatened while in their custody. As to the episode at the Jefferson County Hospital, the district court might have found that the officers were not blameworthy, and that the act of Norwood in drawing his pistol on A. C. Lang was justified by the act of the latter in beginning to push or shove Officer Norwood.

The district court did not affirmatively accept either theory. Judge Harris probably thought, as we think, that the plaintiffs exaggerated the episodes that have been described, and that the defendants minimized them, and that both sides may have distorted the facts to some extent.[1]

As to the claim of Curtis Lang, the district court properly held that the burden was on that plaintiff to establish by a preponderance of the evidence that the defendants, acting under color of law, had deprived plaintiff of federally protected rights. After a careful review of the evidence, the district court found that Curtis Lang had failed to discharge his burden of proof. We cannot say that that finding was clearly erroneous.

We have somewhat more difficulty with the district court's disposition of the claim of A. C. Lang, which difficulty is due in

1. Judge Harris found that in September, 1972 there were hard feelings between members of the Lang family, on the one hand, and members of the Pine Bluff Police Department, on the other hand, due to the fact that some time prior to September 8, 1972 the police had conducted a gambling raid on a house in Pine Bluff occu-

pied by a sister of the Lang brothers. And the officers testified that on the evening of September 8 they were conducting a surveillance of that house which was interrupted by the actions of the driver of a Pinto automobile who turned out to be Curtis Lang.

part to the fact that the court disposed of that claim on the basis of the motion to dismiss pursuant to Rule 41(b) made by the defendants at the close of the plaintiffs' case.

Insofar as here pertinent, Rule 41(b) provides that after the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant may move for a dismissal of the complaint on the ground that upon the facts and the law the plaintiff has shown no right to relief. If such a motion is filed, the court as trier of the facts may then determine them and render judgment against the plaintiff, or, the court may decline to render any judgment until the close of all the evidence. If the court grants the motion, it is required to make findings as provided by Rule 52(a).

■ The function that a trial judge performs in passing upon a Rule 41(b) motion in a nonjury case is not the same as the function that a trial judge performs in the course of a jury trial when he is called upon to rule on a defense motion for a directed verdict at the close of the plaintiff's case or at the close of all of the evidence. In the latter case the judge simply decides whether there is substantial evidence to take the case to the jury, and in making that determination he is required to view the evidence in the light most favorable to the plaintiff, and to give the plaintiff the benefit of all favorable inferences reasonably to be drawn from the evidence. In a Rule 41(b) situation, however, the district court may find the facts itself and may render judgment against the plaintiff if the court considers that plaintiff has not made out a case, and if the district court sustains the Rule 41(b) motion, its findings will not be reversed on appeal unless clearly erroneous. *Smith v. South Central Bell Telephone Co.,* 518 F.2d 68 (6th Cir. 1975); *Taylor v. Honeywell, Inc.,* 497 F.2d 1382 (10th Cir. 1974); *Palmentere v. Campbell,* 344 F.2d 234 (8th Cir. 1965); 9 Wright and Miller, Federal Practice & Procedure, § 2371.

■ In view of the fact that the district court concluded in this case that the defendants' Rule 41(b) motion should be denied as to Curtis Lang, we think that the district court might have done well to have denied the motion as to both plaintiffs and to have permitted the trial to proceed to conclusions as to both. It is clear to us, however, that the defendants' presentation would have been no different from what it was had their motion been denied as to both plaintiffs, that the case was developed fully as to the claims of both plaintiffs, and that any procedural error of the district court in granting the motion as to A. C. Lang was harmless.

■ The record indicates that the district court dismissed the claim of A. C. Lang on the basis of the fact that Officer Norwood had died, and that the action against Norwood had not been revived. The district court made no finding as to the lawfulness of the act of Norwood in drawing his pistol on A. C. Lang.

From a careful consideration of the remarks made by the district court in connection with the dismissal of A. C. Lang's claim and of the court's opinion dealing with the claim of Curtis Lang, we are satisfied that if the district court had passed upon A. C. Lang's claim at the close of all of the evidence it would have dealt with it as it dealt with the claim of Curtis Lang. That is, we are satisfied that the district court would have found that both plaintiffs had failed to carry their burdens of proof. We do not think that such a finding would have been clearly erroneous. In fact, the evidence with respect to the claims of both plaintiffs was in hopeless conflict. Since the case has been fully developed, no useful purpose would be served by a remand for further formal findings as to A. C. Lang.

In view of what has been said, we affirm the judgment of the district court dismissing the claims of both plaintiffs.