**Johnny Ray FIGGOUS, Appellant,**

v.

**ALLIED/BENDIX CORPORATION, ALLIED–SIGNAL, Appellee.**

No. 89–2425.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1990.

Decided June 22, 1990.

---

Johnny Ray Figgous, appellant pro se.

James A. Welland, Kansas City, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Johnny Ray Figgous appeals pro se from a final judgment entered in the District Court[1] for the Western District of Missouri in favor of defendant Allied–Signal, Inc.[2] on his 42 U.S.C. § 2000e claims of discriminatory discharge and retaliation. For the reasons discussed below, we affirm the judgment of the district court.

Figgous, an Afro–American, began working for defendant in June 1977 as a machinist trainee. In December 1977, Figgous was promoted to general machinist. In 1982 and 1983 he filed race discrimination and retaliation charges against defendant with the Kansas City Department of Human Relations (DHR) and the Equal Employment Opportunity Commission (EEOC). Figgous was fired in July 1984 and again filed a complaint with DHR. He was re-hired in September 1984 pursuant to a grievance settlement between defendant and Figgous's union. The settlement provided that Figgous would be reinstated with seniority but without back pay, and informed him that his overall record was unsatisfactory and he would be immediately terminated without recourse if he received written discipline for any offense, including attendance. Figgous was fired again in August 1985. He then filed concurrent complaints of racial discrimination and retaliation with DHR and the EEOC. In 1987, after the EEOC issued a right-to-sue letter, Figgous filed this pro se Title VII action alleging that defendant discharged him because of his race and his previous administrative complaints. He sought reinstatement and monetary damages. A one-day nonjury trial was conducted, with Figgous representing himself. Defendant moved for a directed verdict at the conclusion of Figgous's case. The district court treated the motion as one for judgment at the close of plaintiff's evidence, and directed that judgment be entered in favor of defendant.[3] This appeal followed.

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. The complaint referred to this defendant as Allied/Bendix Corporation. The record reflects that the Bendix Corporation was acquired by Allied Corporation, which subsequently merged into Allied–Signal, Inc. The district court referred to the defendant as Allied–Signal, Inc. and we will do likewise.

Also named as defendants in the complaint were five individual supervisors and managers. The district court granted their motion to dismiss for lack of subject matter jurisdiction. Figgous has not appealed that ruling.

3. We construe the district court's action as a ruling on a motion to dismiss at the close of plaintiff's case in a nonjury trial under Fed.R. Civ.P. 41(b), although the court applied the more stringent standard for a motion for direct-

One basis of the district court's ruling was its determination that Figgous failed to establish a prima facie case of racial discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), which can be made applicable to discharge cases, *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1271 (8th Cir.1981). That test generally requires a plaintiff to show: "(1) he belongs to a racial minority; (2) he was qualified for the job and satisfied its normal requirements; (3) he was discharged; and (4) after his discharge, the employer assigned a non-minority employee to perform the same work." *Legrand v. Trustees of University of Arkansas*, 821 F.2d 478, 480 (8th Cir.1987), *cert. denied*, 485 U.S. 1034, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988). Although the requisite proof depends upon the factual situation, "[t]he operative inquiry is whether the plaintiff has produced sufficient evidence to create an inference" of racial discrimination. *Id.* The district court found that Figgous failed to show by a preponderance of the evidence, *see Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981), that he was qualified for his position because the union officials he called as witnesses testified that his attendance record was poor and would be grounds for dismissal under the terms of the grievance settlement, and that he had received written discipline for timing in on an unauthorized time clock.

The district court also determined that Figgous failed to establish a prima facie case of retaliatory discharge, which requires showing that the employee engaged in a protected activity, the employer was aware of that activity and subsequently discharged the employee, and the "discharge followed the protected activity so closely as to justify an inference of retaliatory motive." *Womack v. Munson*, 619 F.2d 1292, 1296 n. 6 (8th Cir.1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). The court found that Figgous's discharge in August 1985 was not close enough in time to the filing of his previous administrative complaints to suggest retaliatory motive.

After carefully reviewing the record, including the trial transcript, we cannot say these findings are clearly erroneous. Judgment was correctly entered for defendant. We decline to consider other matters Figgous raises for the first time on appeal. *See Glick v. Walker*, 834 F.2d 709, 711 (8th Cir.1987) (per curiam).

Accordingly, we affirm the judgment of the district court.

ed verdict. *See Lang v. Cone*, 542 F.2d 751, 754 (8th Cir.1976) (Rule 41(b) motion, unlike defense motion for directed verdict at close of plaintiff's case in jury trial, does not require trial court to view evidence in light most favorable to plaintiff). The district court's findings are therefore not to be reversed unless clearly erroneous. *See id.*