960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dorothy Bronfman, Appellant,
v.
Richard G. Austin, in his official capacity as Administrator
of the General Services Administration, Appellee.
 No. 91-2711.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 15, 1992.
Filed: April 27, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dorothy Bronfman appeals the district court's[1] dismissal, pursuant to Federal Rule of Civil Procedure 41(b), of her employment discrimination case following a two-day bench trial.
 
 
 2
 In ruling on a Rule 41(b) motion to dismiss in a nonjury case, "the district court may find the facts itself and may render judgment against the plaintiff if the court considers the plaintiff has not made out a case, and ... its findings will not be reversed on appeal unless clearly erroneous." Lang v. Cone, 542 F.2d 751, 754 (8th Cir. 1976). Here, the district court found Bronfman did not show that she was qualified for the position from which she was demoted, or that retaliation motivated the demotion decision. After carefully reviewing the record, including the trial transcript, we cannot say the district court's findings are clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-76 (1985) (finding is clearly erroneous when appellate court is convinced mistake has been made). Judgment was correctly entered for defendant.
 
 
 3
 Bronfman's argument that the district court judge was biased against her is not properly before this court. Bronfman never requested the judge recuse himself from the case, she did not comply with the necessary requirements to obtain disqualification, and she does not allege an extrajudicial source of the bias. See United States v. Faul, 748 F.2d 1204, 1210-11 (8th Cir. 1984), cert. denied, 472 U.S. 1027 (1985). Finally, we find that the district court did not improperly exclude Bronfman's EEO investigative files because the files were never offered into evidence. The court suggested that her counsel offer individual exhibits from the files, which counsel did without objection.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri