**James E. MADISON, Appellant,**

**v.**

**Anthony M. FRANK, Postmaster General, in his official capacity of the United States Postal Service; United States Postal Service, Appellees.**

**No. 91–3185.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1992.

Decided May 26, 1992.

Larry D. Coleman, argued, Kansas City, Mo., for appellant.

Judith M. Strong, argued, Kansas City, Mo., for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and BOGUE,* Senior District Judge.

WOLLMAN, Circuit Judge.

James E. Madison appeals from the district court's[1] dismissal of his age discrimination suit against the United States Postal Service. We affirm.

## I.

Madison was employed by the United States Postal Service from December 8, 1954, until his retirement on December 30, 1988. Madison was a vehicle operator in Kansas City, Missouri, and drove tractor trailers loaded with mail. Madison's driving record includes twenty accidents, seventeen of them deemed preventable, and numerous citations for other violations such as speeding. In 1986, the Postal Service revoked Madison's government driver's license, citing Madison's bad driving history. Without this license, Madison could no longer work as a vehicle operator. After Madison grieved the revocation and lost, the Postal Service gave him three options: he could transfer to another craft, he could retire, or he could find employment outside the Postal Service. Madison chose to retire.

Madison then filed suit against the Postal Service, claiming that it had discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 633a. At the close of Madison's case, the district court granted the Postal Service's motion for involuntary dismissal under Fed.R.Civ.P. 41(b).

## II.

■ We note initially that although the Postal Service termed its motion as one for a "directed verdict," in form and substance the motion was one for involuntary dismissal pursuant to Rule 41(b). We are "mindful that the standard for granting motions for directed verdict is stringent," *Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 175 (8th Cir.1992), and that such a motion should be granted only when the evidence produced by the party opposing the motion, "when given the benefit of all reasonable inferences, would not suffice as the basis for a rational conclusion in that party's favor." *Id.* When considering a motion made at the close of plaintiff's case for involuntary dismissal pursuant to Rule 41(b), however, the district court need give no such favorable inferences to the plaintiff and may render judgment for the defendant if it believes that the plaintiff has not made out a case. *Lang v. Cone*, 542 F.2d 751, 754 (8th Cir.1976); *see also Independent Fed'n of Flight Attendants v. Trans World Airlines, Inc.*, 878 F.2d 254, 256 (8th Cir.1989) (per curiam), *cert. denied*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990); *Figgous v. Allied/Bendix Corp.*, 906 F.2d 360, 361 n. 3 (8th Cir.1990). We will reverse the district court's findings only if they are clearly erroneous. *Lang*, 542 F.2d at 754.[2]

■ The district court found that Madison had not established a prima facie showing of age discrimination. The court found that Madison had not established that he performed his job at a level which met his employer's legitimate expectations. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (setting out prima facie showing of age discrimination). Madison argues that the correct inquiry is whether the plaintiff was qualified for his position. We see no difference. Because of Madison's dismal driving record, he could neither perform at a level which met the Postal Service's legitimate expectations, nor was he qualified

---

* The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. We note that Rule 41(b) was amended effective December 1, 1991, so that a motion for involuntary dismissal is no longer proper when a plaintiff's evidence is legally insufficient. Rather, a motion should be made for judgment on partial findings pursuant to Rule 52(c).

for his position as a vehicle operator. There is no evidence in the record that age was in any way a factor in the revocation of Madison's license. Thus, there is no error in the district court's holding that Madison had not made out a prima facie case of age discrimination.

Madison next contends that the district court erred in finding that his claim for out-of-schedule pay failed because he had not shown a prima facie case of discrimination. Madison argues that his claim for out-of-schedule pay is distinct from his ADEA claim. This argument is without merit. Madison's complaint listed but one count, the age discrimination allegation. Having lost on that claim, Madison cannot prevail on his claim for out-of-schedule pay based upon the age discrimination claim.

The judgment of dismissal is affirmed.