**Oscar E. WILLIAMS, Appellant,**

v.

**Roy MUELLER, Warden;  Clarence Davis, C.O., Appellees.**

No. 92–1575.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Jan. 11, 1994.

James Waltz, Cape Girardeau, argued, for appellant.

Dana Pulis, Clayton, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Oscar E. Williams, an inmate at the St. Louis County Adult Correctional Institution ("Institution"), brought this action under 42 U.S.C. § 1983 alleging that Correctional Officer Clarence Davis and Warden Roy Mueller had violated his Eighth Amendment right to be free from cruel and unusual punishment. Williams appeals from the district court's order granting the defendants' motion for judgment as a matter of law. We affirm in part, reverse in part, and remand for further proceedings.

## I.

At trial, Williams testified to the following facts. After lunch on September 29, 1990, he returned to his dormitory on the second floor, which houses twenty to twenty-five inmates. Two inmates assaulted him. Davis, who was posted outside the dormitory door, was the only correctional officer on the second floor at the time. Although Davis observed the altercation, he did not intervene. Williams attempted to escape from his assailants, but Davis closed and locked the dormitory door. Davis called for assistance, but only after a significant delay. When additional correctional officers arrived, they separated the inmates and stopped the beating, which had lasted for twenty or twenty-five minutes.

Williams noticed blood on his face and requested medical attention. An hour after his request, a nurse cleaned his wounds and recommended that he be taken to the hospital. Not until two or three hours later, however, did Institution personnel transport him to the hospital, where he received four stitches over his eye.

At the conclusion of Williams's case, which included only the above testimony, the district court granted the defendants' motion for judgment as a matter of law on all counts.

## II.

■ Characterizing the defendants' motion as a motion for directed verdict,[1] the district court looked at the evidence in the light most favorable to Williams before ruling on the motion. A motion to dismiss an action at the end of the plaintiff's case in a non-jury trial, however, is properly entitled a motion for judgment on partial findings. *Madison v. Frank*, 966 F.2d 344, 345 n. 2 (8th Cir. 1992); *see also* Fed.R.Civ.Pro. 41 1991 amendment advisory committee's note. A motion for judgment on partial findings replaced a Rule 41(b) motion for involuntary dismissal. When considering a Rule 41(b) motion made at the close of the plaintiff's case, courts did not give the benefit of any

---

1. Since December 1, 1991, a motion for a directed verdict has been entitled a motion for judg- ment as a matter of law. *See* Fed.R.Civ.Pro. 50 1991 amendment advisory committee's notes.

favorable inferences to the plaintiff. *Madison*, 966 F.2d at 345 (citing *Lang v. Cone*, 542 F.2d 751, 754 (8th Cir.1976)).

### III.

■ In count one, Williams alleged that Davis had failed to intervene in the altercation and had delayed unnecessarily in requesting assistance. The Eighth Amendment prohibition against cruel and unusual punishment imposes upon correctional officers the obligation to protect inmates from harm by other inmates. *See, e.g., Smith v. Marcantonio*, 910 F.2d 500, 501 (8th Cir. 1990). An Eighth Amendment violation is actionable under section 1983 if the plaintiff shows that the "defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Falls v. Nesbitt*, 966 F.2d 375, 377–78 (8th Cir.1992) (quoting *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir.1991)). A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault. *See Wright v. Jones*, 907 F.2d 848, 850 (8th Cir. 1990); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir.1990); *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 14 (1st Cir.1990); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir.1986), *amended*, 807 F.2d 1514 (9th Cir.), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

In some circumstances, however, we have found that a correctional officer's failure to intervene in an inmate fight does not constitute an Eighth Amendment violation. We have based such a finding on evidence justifying the correctional officer's failure to intervene. In *Williams v. Willits*, 853 F.2d 586, 591 (8th Cir.1988), for example, the combatants ignored a guard's order to stop fighting, whereupon at least one guard tried to physically intervene, only to be grabbed and threatened by another inmate. Consequent-

ly, the guards "made the perfectly reasonable decision that further intervention would threaten the health and safety of all concerned." *Id.; see also Arnold v. Jones*, 891 F.2d 1370, 1372 (8th Cir.1989) (stating that unarmed guards' failure to intervene does not constitute Eighth Amendment violation when there is evidence that intervention might result in serious injury or escalate the situation).

■ Federal Rule of Civil Procedure 52(c) requires that a judgment on partial findings be supported by findings of fact and conclusions of law in accordance with Rule 52(a). Because the district court treated the defendants' motion as one made pursuant to Rule 50, under which findings of fact and conclusions of law are unnecessary, *see* Fed.R.Civ. Pro. 52(a), the court made no findings.

Without any findings regarding justification for Davis's failure to intervene, we are unable to determine whether the court properly relied on *Williams v. Willits*. Davis's lengthy (if in fact it was that) delay in requesting assistance and his blocking of Williams's attempt to escape his assailants might constitute bases for distinguishing *Williams v. Willits*.[2] Although the district court must have thought otherwise, it failed to explain the grounds for its implicit conclusion. Accordingly, we reverse the dismissal of count one and remand for further proceedings. If the court concludes that the defendants' motion for judgment on partial findings should be granted, it should make findings of fact and conclusions of law in accordance with Rule 52(a).

■ In counts two and three, Williams alleged that Warden Mueller was responsible for delaying Williams's access to medical care for the injuries he received in the assault. The district court dismissed these counts because, assuming that Williams's access to medical care had been delayed, Williams presented no evidence that Mueller was responsible for the delay. The record supports the district court's ruling on this issue, and we

---

**2.** When viewed in the light most favorable to Williams, the evidence would indicate that Davis stood idly by during the twenty to twenty-five minutes that the two inmates were beating Williams.

thus affirm the dismissal of counts two and three.

That portion of the judgment which dismisses counts two and three is affirmed. That portion of the judgment which dismisses count one is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.