29 F.3d 629
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Shawn WILLIAMS, Appellant,
v.
Don ROPER, Linda Wilkson, Del Casby, Appellees.
 No. 93-3100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 5, 1994.
Filed: July 12, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shawn Williams, a prisoner at Potosi Correctional Center (PCC), filed suit under 42 U.S.C. Sec. 1983 alleging that his Eighth Amendment rights were violated when he was placed in a "strip cell." Williams's case was tried before the district court[1] without a jury. The court granted the defense's motion to dismiss the suit at the close of Williams's evidence, because it found that Williams had failed to prove that PCC Lieutenant Lonnie Salts, the sole remaining defendant, was personally involved in placing Williams in a strip cell. Williams appeals. We affirm.
 
 
 2
 "A motion to dismiss an action at the end of the plaintiff's case in a non-jury trial ... is properly entitled a motion for judgment on partial findings." Williams v. Mueller, 13 F.3d 1214, 1215 (8th Cir. 1994). Federal Rule of Civil Procedure 52(c) provides in relevant part: "If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim ... that cannot under the controlling law be maintained ... without a favorable finding on that issue."
 
 
 3
 The district court's finding that Salts did not make the decision to place Williams in a strip cell should not be set aside unless it is clearly erroneous. See Fed. R. Civ. P. 52(c); Fed. R. Civ. P. 52(a); see also Madison v. Frank, 966 F.2d 344, 345 & n. 2 (8th Cir. 1992). Although the parties presented conflicting testimony on the issue, the district court was entitled to assess the witnesses' credibility and the evidence in determining whether Williams had made out a case. See Independent Fed'n of Flight Attendants v. Trans World Airlines, Inc., 878 F.2d 254, 256 (8th Cir. 1989) (per curiam), cert. denied, 493 U.S. 1044 (1990). Considering Salts's testimony that he did not order Williams to be placed in a strip cell, and in fact had no authority to do so, we conclude the district court's finding is not clearly erroneous. Thus, the court properly dismissed this suit. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (section 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri