48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Edward L. SIMMONS, Appellant,
v.
MALLINCKRODT, INC., Appellee.
 No. 94-2737.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 31, 1995.
Filed: Feb. 14, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward L. Simmons appeals the district court's[1] order entering judgment for the defendant at the close of plaintiff's evidence in a bench trial of his Title VII, 42 U.S.C. Sec. 2000e-2, action. We affirm.
 
 
 2
 Simmons, a black male, was suspended and discharged in April 1988 from his chemical operator position at Mallinckrodt, Inc., after he refused his supervisor's orders to unload chemicals from a crystallizer. Simmons brought this Title VII action alleging that he was terminated on the basis of race. At a bench trial, following the close of Simmons's case in chief, the district court granted Mallinckrodt a judgment on partial findings.
 
 
 3
 We review a district court's findings of fact for clear error and will reverse if the factual findings are not supported by substantial evidence, if the findings evolve from an erroneous conception of the applicable law, or if the reviewing court is left with a definite and firm conviction that a mistake has been committed. See Fed. R. Civ. P. 52(a), (c); Williams v. Mueller, 13 F.3d 1214, 1215-16 (8th Cir. 1994); cf. Sennewald v. University of Minn., 847 F.2d 472, 473 (8th Cir. 1988). We agree with the district court that Simmons failed to prove Mallinckrodt's legitimate, nondiscriminatory reason for terminating him, i.e., insubordination, was pretextual and that Simmons failed to prove the ultimate issue of intentional racial discrimination. See Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971-72 (8th Cir. 1994); Johnson v. Arkansas State Police, 10 F.3d 547, 551 (8th Cir. 1993). Simmons's only evidence of disparate treatment was that, in 1974, a white employee, who threw a pallet at a supervisor, was only temporarily suspended, and in 1990, an employee, who left his job for three hours to drink in the union hall and refused to work upon return, was suspended for three days. The district court did not clearly err in finding that Simmons's evidence did not show there were employees outside his protected class in "sufficiently similar" circumstances to Simmons's to support an inference that Mallinckrodt's reason for discharging him was pretextual or to show he suffered disparate treatment on account of his race. The district court also did not clearly err in finding Simmons presented no other direct or indirect evidence that race was a motivating factor in his discharge.
 
 
 4
 We find no clear abuse of discretion in the district court's refusal to admit Simmons's arbitration transcript into evidence. See May v. Arkansas Forestry Comm'n, 993 F.2d 632, 637 (8th Cir. 1993). Finally, Simmons's motion to supplement the record on appeal is denied. See Dakota Indus. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri