62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy MUDD, Plaintiff-Appellant,
v.
Lloyd M. BENTSEN, Secretary of the Treasury, Defendant-Appellee.
 No. 94-5570.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Nancy Mudd appeals a district court judgment for the defendant entered following a bench trial in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Mudd filed her complaint in the district court alleging that she was denied a job advancement due to her race (African-American). Thereafter, the magistrate judge convened a hearing to determine whether plaintiff's complaint was frivolous, at which plaintiff also contended that she was subjected to retaliation for contacting a representative of the Equal Employment Opportunity Commission (EEOC). The government was served with summons and filed its answer after the magistrate judge determined that plaintiff's complaint was not frivolous.
 
 
 3
 The parties agreed to a trial of the case before the magistrate judge, and a bench trial ensued. At the close of plaintiff's evidence defendant moved for a directed verdict, the magistrate judge issued a memorandum opinion from the bench, and a judgment for the defendant was entered. Plaintiff filed a timely notice of appeal.
 
 
 4
 On appeal, plaintiff contends that: (1) a document submitted as an exhibit at trial differs from a copy of the document she received from counsel for the government during discovery; and (2) the magistrate judge was inattentive and ignored evidence that plaintiff was subjected to retaliation for her EEOC contacts. The government responds that the district court's judgment was proper. Upon consideration, the judgment is affirmed because plaintiff's claims on appeal lack merit.
 
 
 5
 First, plaintiff contends that an exhibit introduced at trial differs from a copy of the document she received during discovery. However, the record reflects that the document appended to plaintiff's brief on appeal does not differ in any significant way from a copy of the document which appears in the district court record or from an unredacted copy of the document submitted to this court en camera. Insofar as plaintiff's claim that Magistrate Judge Haynes ignored evidence can be construed as a challenge to the judgment for defendant, the claim lacks merit. Review of the transcript of the trial and the district court record reflects that Magistrate Judge Haynes was attentive to plaintiff and to the evidence presented. Moreover, a judgment for defendant on partial findings pursuant to Fed. R. Civ. P. 52(c) was proper. See Williams v. Mueller 13 F.3d 1214, 1215 (8th Cir. 1994). Plaintiff did not establish a prima facie case of employment discrimination, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Brown v. Tennessee, 693 F.2d 600, 603 (6th Cir. 1982), or of retaliation. See Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990). Therefore, judgment for defendant was proper.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.