82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth ANDERSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-5938.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and BORMAN, District Judge.*
 
 ORDER
 
 2
 Ruth Anderson, a Tennessee citizen, appeals pro se a district court's order entering judgment for the defendant at the close of Anderson's evidence in a bench trial of her lawsuit filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and § 2671, et seq. The defendant has filed a motion to strike portions of Anderson's reply brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 On October 30, 1992 Anderson entered the Bartlett, Tennessee, Post Office, to mail an express mail letter. Anderson slipped and fell in the customer service area, alleging that there was water on the floor which caused her to fall. A postal manager came to Anderson, asked her if she was hurt, and called a maintenance worker into the area to mop the water on the floor near the front entrance.
 
 
 4
 After exhausting her administrative remedies, Anderson filed the FTCA suit against the United States on July 1, 1994, alleging that the slip and fall resulted in injuries to her back and spine. She sought $250,000 in damages.
 
 
 5
 Trial was before the court and upon the conclusion of Anderson's case, the United States orally moved for a directed verdict, which was granted. Judgment was entered May 31, 1995. This timely appeal followed.
 
 
 6
 Although characterized as a motion for a directed verdict, the defendant's motion at the close of Anderson's evidence is properly treated as one for judgment on partial findings pursuant to Fed.R.Civ.P. 52(c). See Williams v. Mueller, 13 F.3d 1214, 1215 (8th Cir.1994). In ruling on a motion for judgment on partial findings, a district court need not consider the evidence presented in the light most favorable to the plaintiff, and may grant the motion if it believes the plaintiff failed to make out her case. See Geddes v. Northwest Mo. State Univ., 49 F.3d 426, 429 n. 7 (8th Cir.1995); Madison v. Frank, 966 F.2d 344, 345 (8th Cir.1992); Roth v. American Hosp. Supply Corp., 965 F.2d 862, 865 (10th Cir.1992). Generally, findings of fact supporting a judgment on partial findings are reviewed only for clear error. Id.
 
 
 7
 Upon review of the record, the parties' briefs, and the applicable legal standards, we conclude that the district court did not clearly err, and therefore, we find no reason to disturb the district court's judgment. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).
 
 
 8
 Accordingly, the motion to strike portions of Anderson's reply brief is granted, and the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation